No. 19,192.

FORREST L. ELLIOTT *v.* IRETHA MCKNIGHT.
(359 P. [2d] 363)

Decided February 6, 1961.

Mr. BLAIR J. LAWTHER, for plaintiff in error.

Mr. JAMES F. MILLER, Mr. JOHN E. WALBERG, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to the plaintiff in error as defendant, and to defendant in error as plaintiff, as they appeared in the trial court.

Plaintiff secured a divorce from defendant in Sedgwick county, Kansas. The court restored her maiden name, McKnight, and awarded her a judgment for alimony for the sum of $2,000.00 payable in monthly installments through the registry of court.

Defendant moved to Colorado and the instant action was filed by plaintiff in the district court of the City and County of Denver in order to make the judgment of the Kansas court effective in Colorado under the full faith and credit clause of the Constitution of the United States and pertinent statutes. Personal service was had on defendant. He filed an answer asserting (strangely enough) that he did not have and could not obtain sufficient knowledge upon which to base a belief with relation to the allegations of the complaint. He did not allege any affirmative defense.

The case was tried to the court without a jury. The duly certified and authenticated records of the Kansas court were received in evidence, without objection, from which it appeared that the judgment remained wholly unsatisfied. Counsel for plaintiff introduced in evidence her affidavit in which she acknowledged the receipt of $105.00 from defendant, for which he was entitled to a credit on the Kansas judgment, notwithstanding that the money was not paid into the court registry. The court entered judgment in favor of plaintiff, giving credit to defendant for the $105.00 which plaintiff admitted receiving.

Defendant argues, as the sole ground for reversal of the judgment, that the trial court erred in receiving in evidence the plaintiff's affidavit. No attempt is made

to show how defendant was prejudiced by its admission as an exhibit. Had it been withheld by plaintiff the judgment against defendant would have been increased by the sum of $105.00. Assuming, without deciding, that the affidavit was hearsay and inadmissible under any exception to the hearsay rule, the defendant could not possibly have been prejudiced by its admission.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.